FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 27, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTEN S.,[1]

        Plaintiff,

    v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant.

No.  4:22-cv-5171-EFS

**ORDER AFFIRMING THE ALJ'S DENIAL OF DISABILITY**

Plaintiff Christen S. asks the Court to reverse the Administrative Law Judge's (ALJ) denial of disability-insurance benefits and supplemental-security-income benefits because the ALJ erred by not finding a severe mental impairment and by failing to consider the side-effects of Plaintiff's pain medication. As is explained below, the ALJ's challenged findings were explained and supported by substantial evidence. The ALJ's decision is affirmed.

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

DISPOSITIVE ORDER - 1

## I.  Background

In March 2019, at the age of 47, Plaintiff applied for disability benefits under Titles 2 and 16.[2] During the application process, Plaintiff advised that her scoliosis and degenerative disc disease (disc protrusion/bulge lower back) limited her ability to work beginning October 10, 2014.[3]

After the agency denied the applications, ALJ Mary Lunderman held a telephonic hearing in March 2021, at which Plaintiff and a vocational expert testified.[4] Plaintiff testified that she is limited by nerve damage in her dominant left hand, panic attacks, and scoliosis and back pain.[5] She testified that her antidepressant medication causes fatigue, which helps her sleep, but also makes her drowsy and dizzy during the day.[6] Plaintiff testified that she has panic attacks about 2–3 times a month for an hour to a couple hours and that her manic depression causes her to isolate in her room sometimes for 3–5 days at a time.[7]

---

[2] AR 223–45.

[3] AR 265, 272, 275.

[4] AR 53–89.

[5] AR 67–70.

[6] AR 69.

[7] AR 70, 74.

After the hearing, the ALJ denied Plaintiff's applications.[8] In pertinent part, at step-two, the ALJ found Plaintiff suffered from the severe impairments of obesity and degenerative changes of the cervical and thoracolumbar spine, but found Plaintiff's mental-health impairments were non-severe.[9] The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but her statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence.[10] The crafted modified light-work RFC allowed Plaintiff to perform past work and other work in the national economy.

Plaintiff timely sought review by the Appeals Council and this Court.[11]

## II. Standard of Review

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error,"[12] and such error impacted the nondisability

---

[8] AR 29–52. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled.

[9] AR 32–47.

[10] AR 38.

[11] AR 1–8, 38.

[12] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

determination.[13] Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14]

### III. Analysis

Plaintiff challenges the ALJ's step-two finding that Plaintiff's depression and anxiety (with panic attacks) were not severe mental impairments and argues that this finding, along with the failure to consider the adverse effects of Plaintiff's

---

[13] *Molina v. Astrue,* 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. 416.920(a) (recognizing that the court may not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[14] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater,* 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

1  medication, caused the ALJ to craft an incomplete RFC.[15] The Commissioner

2  submits the ALJ's step-two finding—and overall non-disability finding—was

3  supported by substantial evidence.

4  **A.    Standard**

5  At step two, the ALJ determines whether the claimant suffers from a

6  "severe" impairment, i.e., one that significantly limits her physical or mental

7  ability to do basic work activities.[16] This involves a two-step process:

8  1) determining whether the claimant has a medically determinable impairment,

9  and 2) if so, determining whether the impairment is severe.[17] To be severe, the

10 medical evidence must establish that the impairment would have more than a

11 minimal effect on the claimant's ability to work.[18]

---

[15] Plaintiff did not challenge the ALJ's findings pertaining to Plaintiff's physical impairments. As a result, Plaintiff waived challenging such findings. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

[16] 20 C.F.R. §§ 404.1520(c), 416.920(c).

[17] *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

[18] *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); *see* Soc. Sec. Rlg. (SSR) 85-28 (Titles II and XVI: Medical Impairments That Are Not Severe).

B.   The ALJ's Findings

The ALJ found that Plaintiff's "medically determinable mental impairments of depression and anxiety . . . do not cause more than minimal limitation . . . ."[19] The ALJ reasoned that Plaintiff's mental-health impairments were non-severe because 1) "the record established generally normal mental status with intermittent medication management by a family practitioner with no history of dedicated mental health care or medically documented panic attack"; 2) the record reflected that Plaintiff "typically denies significant symptoms or medication side effects"; and 3) Plaintiff "did not allege either of these condition[s] at the time she filed her Applications."[20] The ALJ further found that Plaintiff had no limitation with understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself.[21] When making these findings, the ALJ discounted Plaintiff's reported mental-health symptoms and medication-side-effects because 1) the medical record reflected a denial of adverse effects due to medication; 2) Plaintiff remained busy

---

[19] AR 35.

[20] AR 36.

[21] AR 36.

and active; and 3) the treatment records indicate that her pain was often adequately controlled.[22]

C.  **Analysis**

Plaintiff argues the ALJ's step-two findings about Plaintiff's mental impairments were erroneous. The Court disagrees. As is explained below, the ALJ's step-two findings pertaining to Plaintiff's mental impairments were supported by substantial evidence.

First, although Plaintiff was observed as anxious or depressed at some appointments, the ALJ's finding that the medical record generally reflected normal mental status is supported by the longitudinal record.[23] The medical record reflects

---

[22] AR 40–41. As there is no affirmative evidence of malingering, the ALJ was required to consider the relevant factors and provide specific, clear and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom reports. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); SSR 16-3p (Titles II and XVI: Evaluation of Symptoms in Disability Claims).

[23] AR 36 (citing AR 530, 641, 822, 919–20, 933, 940, 945, 987). *See also* AR 480, 485 (appropriate affect and demeanor, and fair insight and judgment); AR 495–96, 500 (appropriate affect and demeanor, and fair insight and judgment, even though she seemed to be in pain). *See also* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (directing

that Plaintiff's anxiety and depression medication was routinely refilled and that these impairments responded well to medication.[24] Yet, Plaintiff argues that her noted normal mental status at treatment appointments does not reflect her true dysfunction. While that could be a compelling argument on a different record, here, that argument is not compelling because Plaintiff rarely reported any anxiety symptoms, let alone mental dysfunction, to her treating providers. Instead, Plaintiff typically reported that the medication adequately treated her anxiety and depression.[25] Therefore, the ALJ reasonably relied on the routinely normal mental-

---

the ALJ to consider the objective medical evidence when assessing the intensity and persistence of the claimant's symptoms).

[24] AR 919, 1035, 1046, 1049, 1064, 1066, 1069, 1071, 1074. *See Dorrell v. Colvin*, 70 Fed. App'x 480 (9th Cir. 2016) ("Although the record established that Dorrell had a long history of depression, the record also established that her depression was treatable and responsive to medication.")

[25] *See, e.g.*, AR 919 (reporting that she took trazodone previously and did well with current dosing; denies other complaints); AR 1035 (reporting being stable with current anxiety medication; no reports of adverse side-effects); AR 1046–49 (reporting satisfaction with current pain medication regimen and no adverse side effects reported); AR 1064–66 (reporting side-effect of itching caused by an over-the-counter Vitamin; no other adverse side effects of medication reported);

health status notations in the record, along with the lack of reported severe mental-health symptoms and medication side-effects.

Second, the ALJ appropriately considered that Plaintiff's mental-health medication was managed by a family practitioner with no history of dedicated mental-health care.[26] While a claimant need not be treated by a mental-health specialist in order to be found with a severe mental-health impairment, it was appropriate for the ALJ to consider this fact—as well as the routinely normal mental-health findings—when assessing the severity of Plaintiff's anxiety and depression.[27] Moreover, although Plaintiff routinely had her pain and other medication managed by a health-care professional, she did not participate in mental-health counseling.[28]

---

AR 1069–71 (reporting feeling good, sleeping well, controlled pain, and no adverse side-effects).

[26] *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (directing the ALJ to consider the treatment, including medication, that the claimant received to relief symptoms).

[27] *See id.* §§ 404.1529(c)(2), (3), 416.929(c)(2), (3). *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) (allowing the ALJ to consider the type and intensity of treatment).

[28] AR 1017, 1043.

Third, the ALJ's finding that Plaintiff typically denied significant medication side-effects is supported by substantial evidence.[29] The treatment notes routinely reflect that Plaintiff denied dizziness, and the few observed or reported dizziness incidents were believed to be related to low blood pressure caused by a high dose of pain medication.[30]

Fourth, while a claimant need not specifically identify an impairment in order for it to be a severe impairment, it was appropriate for the ALJ to consider that Plaintiff did not list any mental-health impairment on her application.[31]

---

[29] *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (directing the ALJ to consider the type, dosage, effectiveness, and side effects of medication taken).

[30] *See, e.g.*, AR 484, 489, 494, 498–99, 507, 512, 561, 573, 619, 963 (denying dizziness or lightheadedness). *But see* AR 656–71, 957, 972, 988 (noting that Plaintiff was dizzy, lightheaded, and fell; believed to be due to high morphine dosage); AR 880–82 (reporting having a panic attack, being dizzy and lightheaded, and passing out, however, she had self-increased her pain medication); AR 530 (reporting lightheadedness but denying dizziness or fainting).

[31] AR 272 (listing scoliosis and degenerative disc disease as the conditions that limit her ability to work); AR 275 (answering "no" as to whether she had any mental condition(s), including emotional problems, for which she was seeing a health care professional). *See also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)

Notwithstanding being treated for depression and anxiety for many years before filing her applications in March 2019, Plaintiff did not list these impairments—or more critically, any related mental-health symptoms or treatment—on her applications or the Adult Function Report.[32]

Fifth, the ALJ appropriately considered what activities Plaintiff reported to her treating providers when assessing Plaintiff's ability to interact with others and concentrate, persist, and maintain pace.[33] The ALJ reasonably relied on Plaintiff's work at boat races, unassisted shopping, assisting a friend with a car, and camping with friends when discounting her testimony about her depression and anxiety symptoms.[34]

In summary, the longitudinal record supports the ALJ's finding that Plaintiff did not suffer from a severe mental-health impairment. Although Plaintiff

---

(allowing the ALJ to consider "[o]ther factors concerning your functional limitations and restrictions due to pain or other symptoms").

[32] AR 262–82.

[33] See Molina, 674 F.3d at 1113.

[34] AR 36 (citing AR 944, 980, 1046, 1064). See also AR 473, 885; Molina, 674 F.3d at 1113 ("The ALJ could reasonably conclude that Molina's activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks.").

was treated for her medically determinable mental-health impairments (anxiety and depression),[35] the medical record reflects that, when these conditions, along with Plaintiff's pain, were treated with medication, her mental functioning was not severely limited.[36] The ALJ did not err when crafting the RFC.

### IV.     Conclusion

Plaintiff fails to establish the ALJ consequentially erred by finding Plaintiff's mental-health impairments to be non-severe. Accordingly, **IT IS HEREBY ORDERED**:

1. The ALJ's nondisability decision is **AFFIRMED**.
2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 9 and 13**, enter **JUDGMENT** in favor of the **Commissioner**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 27th  day of September 2023.

　　　　　　　　　s/Edward F. Shea　　　　　
　　　　　　　　EDWARD F. SHEA
　　　　　　Senior United States District Judge

---

[35] *See Matthews v. Shalala,* 10 F.3d 678, 680 (9th Cir. 1993) (requiring the claimant to show that the medically determinable mental-health impairment was severely limiting).

[36] *See Hornbuckle v. Berryhill*, 730 Fed. App'x 502, 503 (9th Cir. 2018).